By the COURT.†
This case was decided in the Superior court, on a demurrer to the declaration, which was sustained. Although causes of demurrer were assigned, yet it was, in fact, and in its nature, a general demurrer. The declaration, which was on an appeal bond, set out the condition, the judgment of affirmance, with ten per cent, damages; and makes profert of the bond. It goes on further to state, that though the judgment of affirmance gave ten per cent, damages, according to law, j'et the clerk, omitted, by mistake, to enter up the judgment accordingly: and that this omission was afterwards corrected by the court. Oyer was craved and granted of this record; and of course it became a part of the declaration : and the question on the demurrer was, whether the plaintiff could sustain his action, on such amended judgment?
Considering it a general demurrer, therefore, it was properly received. Another objection, however, was taken, that there was no joinder in demurrer. This objection comes too late. The demurrer was argued by both parties, and the reason of amending this defect is at least as strong, if not stronger, than in the case of the want of a similiter to a plea. By amending in that case it is said, “the court only make that right, which the defendant himself understood to be so, by going down to trial.”
*As to the merits. Objections are taken as to want of technical form in the original judgment of affirmance: the word, “adjudged,” instead of the word, “considered” by the court, is objected to. So too as to the form of the amending judgment. That judgment is also objected to as a nullity, because the error complained of was not a clerical error, amendable on motion, as the judge decided; but an error which could only be corrected in an appellate court. I am not prepared to say whether either of these objections would have availed Beverley, who was the surety to those proceedings, and the principal in the appeal bond in this case, had those proceedings been brought before us for correction ; but I have no hesitation in saying, that we cannot reverse or nullify them in this suit.
Until reversed by proper authority, the Superior court of law, and this court when revising its judgment, must consider those proceedings as regular, and as obligatory on the parties, as if they had been affirmed in this court. Had they been so affirmed, the amending judgment would have relation to, and be in law considered as part of the original judgment of affirmance; and the plaintiff consequently entitled to maintain his action.
Ror these reasons I think the Superior court of law erred, in sustaining the demurrer in this case, which ought to have been overruled. That judgment must, therefore be reversed with costs; the demurrer overruled, and the cause remanded for further proceedings to be had.

CABELL absent.